huddleston v. state

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

     NOS. 2-01-525-CR

2-01-526-CR

2-01-527-CR

2-01-528-CR

DAVID WAYNE HUDDLESTON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 362
nd
 DISTRICT COURT OF DENTON COUNTY

------------

OPINION

------------

Appellant David Wayne Huddleston pleaded guilty to eighteen sex-related offenses charged in four indictments and was sentenced by the trial court to one twenty-year sentence and seventeen life sentences, which were ordered to run consecutively.  Appellate counsel has filed motions to withdraw from further representation in all four appeals because it is his professional opinion that these appeals are frivolous. 

Appellant was charged in four indictments with a number of sex offenses, including possession of child pornography, aggravated sexual assault, indecency with a child, and sexual performance of a child.  The indictment in each case contained a repetition paragraph alleging one prior felony conviction.  Appellant entered open (non-negotiated) guilty pleas to the charges in each case.  He was subsequently sentenced to seventeen consecutive life sentences in the aggravated sexual assault cases and twenty years on the possession of child pornography case.

Appellant's court-appointed counsel has filed a motion to withdraw from further representation because he has concluded this appeal is without merit.  Counsel has also filed a brief in support of the motion to withdraw.  Counsel’s brief meets the requirements of 
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating, in effect, why there are no arguable points of error.
  See High v. State
, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978); 
Currie v. State
, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); 
Gainous v. State
, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969).  Appellant was given the opportunity to file a pro-se brief in these appeals, but chose not to do so.

Once an appellant’s court-appointed counsel files a motion to withdraw 

on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, this court is obligated to undertake an independent examination of the record and to essentially re-brief the case for appellant to see if there is any arguable ground that may be raised on the appellant’s behalf.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

Because appellant pleaded guilty to the offenses, he has waived the right to appeal any nonjurisdictional defects, other than the voluntariness of his  pleas, that occurred before entry of each plea so long as the judgments of guilt were rendered independent of, and are not supported by, the alleged error.  
See Young  v. State
, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000);
 Lewis v. State
, 911 S.W.2d 1, 4-5 (Tex. Crim. App. 1995).  Therefore, our independent review of the record is limited to potential jurisdictional defects, the voluntariness of appellant’s pleas, potential error occurring before appellant’s pleas that resulted in or supports the judgments of guilt, and potential error occurring after the guilty pleas.

Our review of the record reveals no jurisdictional defects.  The trial court had jurisdiction over each case.  
See
 Tex. Code Crim. Proc. Ann.
 art. 4.05 (Vernon Supp. 2003).  Further, the indictments sufficiently conferred jurisdiction on the trial court and provided appellant with sufficient notice. 
 See
 Tex. Const. 
art. V, § 12; 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).

The record reveals that the trial court properly admonished appellant before he pleaded guilty and that appellant’s pleas were knowing and voluntary. The record also reveals that no error occurred before appellant’s pleas were entered. 

Finally, the cases were properly consolidated, and the sentences assessed by the trial court were within the statutorily permissible range and were based on admissible evidence introduced at trial. 
 See
 
Tex. Penal Code Ann.
 § 3.02 (Vernon 1994).  Appellant’s counsel correctly notes that the trial court acted within its authority in stacking appellant’s sentences under the provisions of  penal code section 3.03(b)(2)(A) which permits the trial court to order sentences in enumerated sex offenses to run consecutively.  
Id.
 § 3.03(b)(2)(A) (Vernon Supp. 2003).
  Thus, we discern no reversible error during the punishment phase. 

After independently reviewing the record, we agree with appellate counsel’s determination that any appeals from these cases would be frivolous.  

Accordingly, we grant counsel’s motion to withdraw and affirm the trial court’s judgments.

PER CURIAM

PANEL F: DAVID L. RICHARDS, J. (Sitting by Assignment)
, DAY and LIVINGSTON, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

[DELIVERED FEBRUARY 20, 2003]